**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
dag@gauntlettlaw.com
James A. Lowe (SBN 214383)
jal@gauntlettlaw.com
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:  (949) 553-1010
Facsimile:   (949) 553-2050

Attorneys for Plaintiff
California State Grange

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA STATE GRANGE, A California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLINA CASUALTY INSURANCE COMPANY, An Iowa corporation, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> **(1) DECLARATORY RELIEF** <br> **(2) BREACH OF CONTRACT** <br> **(3) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** <br><br> **JURY TRIAL DEMANDED** |

286549_5.doc-5/9/2022 11:05 AM

1. In this insurance coverage suit, Plaintiff California State Grange ("Grange" or "Plaintiff") seeks: **(i)** a judicial declaration that Defendant Carolina Casualty Insurance Company ("Carolina" or "Defendant") has a duty to indemnify Chico Community Guilds ("Chico") under the terms of its insurance policy, upon which Grange is entitled to bring a claim as a judgment creditor under section 11580(b)(2) of the California Insurance Code; **(ii)** damages from Carolina for its breach of contract; and **(iii)** damages from Carolina for its breach of the covenant of good faith and fair dealing.

## THE PARTIES

2. Plaintiff California State Grange is a California corporation with its principal place of business at 3830 U Street, Sacramento, CA 95817.

3. On information and belief, Defendant Carolina Casualty Insurance Company is an Iowa corporation with its principal place of business at 4600 Touchton Road East, Building 100, Suite 400, Jacksonville, FL 32246.

## JURISDICTION

4. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that complete diversity exists between the parties, as the Plaintiff is a citizen of California and the Defendant is a citizen of Iowa and Florida, for purposes of diversity jurisdiction.

6. The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. In addition to other relief, declaratory relief is sought.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the contract and covenant of good faith and fair dealing claims.

## VENUE

8. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim alleged herein occurred in this District.

9. On information and belief, Carolina is an insurance company actively selling insurance policies in California, including the Eastern District of California.

10. Carolina sold the insurance policies at issue in this case to Chico, an entity located in the Eastern District of California where the policy was delivered.

11. The Carolina policies at issue were intended to cover Chico's operations throughout California, including the Eastern District of California, as well as throughout the United States.

12. The alleged wrongful conduct forming the basis of the underlying action and judgment occurred within the Eastern District of California.

13. Part of the performance required under the Carolina policies at issue, including, without limitation, payment of damages in a covered suit against Chico and the incurring and payment for attorneys' defense fees, occurs within the Eastern District of California.

## THE CAROLINA POLICY

*Carolina's Management Liability Policy*

14. Carolina sold Management Liability Policy No. DCP-1776783-P1 ("the Policy") to the Insured Entity, Chico Community Guilds.

15. Although Grange has requested a copy of the Policy, Carolina has not provided one. As a result, certain details ordinarily included as a matter of course in a complaint, such as the duration of the policy, cannot be included here.

16. Carolina admitted in a November 3, 2021 letter to Grange that the Policy includes insurance that "pays on behalf of [Chico] **Costs of Defense** and/or **Damages** arising from any **Claim** for any actual alleged **Wrongful Act**." A copy of the letter is incorporated herein and attached as **Exhibit "1."**

17. According to Carolina's November 3, 2021 letter to Grange, the Policy includes the following pertinent Definitions and reports that bolded terms are defined terms in the Policy:

**Claim** means:

1. a written demand for monetary or non-monetary relief including, but not limited to, a civil, criminal, administrative, or arbitration proceeding arising from a **Wrongful Act**.

2. a civil … proceeding for monetary or non-monetary relief filed against an Insured arising from a **Wrongful Act** which is commenced by: (a) service of a complaint or similar pleading; \*\*\*\*

… a **Claim** shall be deemed to have been first made at the time notice of the **Claim** is first received by an **Insured**.

\* \* \*

**Costs of Defense** means reasonable and necessary fees, costs and expenses (including premiums for any appeal bond, attachment bond or similar bond, but without any obligation to apply for or furnish any such bond) resulting solely from the investigation, adjustment, defense and appeal of a covered **Claim** against the **Insureds** …

\* \* \*

**Damages** means:

1. a monetary judgment, award or settlement; or 2. pre-judgment interest and post-judgment interest;

provided, however, **Damages** shall not include: \*\*\*\*

d. disgorgement or restitution payment by or on behalf of any **Insured**, including disgorgement or restitution of amounts retained, obtained, or acquired by an **Insured** and any settlement payment arising from any actual or alleged amount that an **Insured** improperly retained, obtained, or acquired; or

e. any matter deemed uninsurable under the law pursuant to which this Policy shall be construed.

\* \* \*

**Wrongful Act** means any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act …, by:

\*\*\*\*

3. the **Insured Entity**.

18. The Policy also contains the following pertinent exclusions (as identified by Carolina):

In addition to the Exclusions listed in section IV. of the

Common Policy Terms and Conditions Section, the **Insurer** shall not be liable to make any payment for **Loss** in connection with a **Claim** made against any **Insured**:

A. based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the actual or alleged gaining of any profit or advantage to which an **Insured** was not legally entitled; provided, however, this exclusion shall not apply unless a judgment or other final adjudication adverse to any of the **Insureds** in such **Claim** shall establish that such **Insureds** gained such profit or advantage to which an Insured was not legally entitled;

B. based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the actual or alleged criminal or deliberate fraudulent act; provided, however, this exclusion shall not apply unless a judgment or other final adjudication adverse to any of the **Insureds** in such **Claim** shall establish that such **Insureds** committed such criminal or deliberate fraudulent act;

* * *

Solely with respect to Exclusions A., B., and C. of this coverage section, the **Insurer** will provide a defense for any such **Claims**, without any liability by the **Insurer** to pay such sums that any **Insured** shall become legally obligated to pay as **Damages**

### THE UNDERLYING *CHICO ACTION*

19. On January 16, 2020, Plaintiff Grange filed its complaint ("Chico Complaint") against Carolina's insured, Chico Community Guilds, in the action styled as *California State Grange. v. Chico Community Guilds*, in the Butte County California Superior Court, Case No. 20CV00152 (the "*Chico Action*"). A copy of the Chico Complaint is incorporated herein and attached as **Exhibit "2."**

20. The Chico Complaint concerned a dispute over the ownership of real and

personal property claimed by Chico. The Chico Complaint included several causes of action, including Cancellation of Deed and Quiet Title, Slander of Title, and Conversion.

21. Carolina defended the Chico Action because it had a duty to defend Chico under the Policy.

22. On March 8, 2021 judgment was entered in the *Chico Action* in the Butte County California Superior Court in favor of Grange. A copy of the judgment is attached as **Exhibit "3."**

23. The judgment in the *Chico Action* awarded Grange the following: (1) "Damages for conversion in the amount of $80,697.68 plus interest accrued at the rate of ten (10) percent per annum from and after January 12, 2020," (2) Attorney fees in an amount to be determined at a later time, and (3) "its costs, according to proof."

24. Subsequently, the parties engaged in a process to determine the prejudgment interest on the conversion damages, attorney fees awarded as damages for the slander of title claim, and costs of suit awarded to the prevailing party under the California Code of Civil Procedure referenced in the March 8, 2021 judgment.

25. Amidst this activity, Chico filed a notice of appeal on May 11, 2021.

26. Amended judgment was entered on May 24, 2021 to set forth the amounts of prejudgment interest, attorney fees, and costs determined by the Court after entry of judgment on March 8, 2021, and Grange was awarded the following: (1) "Damages for conversion in the amount of $80,697.68 plus interest accrued at the rate of ten (10) percent per annum from and after January 12, 2020," (2) "$1,945.49 in costs," (3) "$9,307.87 in prejudgment interest" on the conversion damages, and (4) "$23,167.50 against Defendant Chico Community Guilds as damages" for slander of title, which represents the attorney fees awarded to Grange in connection with that cause of action.  A copy is attached as **Exhibit "4."**

27. On March 8, 2022, the California Court of Appeals dismissed Chico's appeal of the judgment.

## DEMAND LETTERS AND DENIALS

28. On August 16, 2021, Grange demanded that Carolina pay the judgment against its insured, Chico.

29. Grange's August 16, 2021 letter requested a copy of the policy and demanded Carolina pay the judgment of $115,118.54 as well as post-judgment interest of $4,951.67, for a total of $120,070.21.

30. On November 3, 2021, Carolina refused to provide a copy of the policy and denied its obligation to pay the judgment.

31. Carolina conceded that the *Chico Action* was a **Claim** under the Policy which alleged **Wrongful Acts** leading to a judgment for **Damages**, as those terms are defined in the Policy, but Carolina asserted that, under the terms of the Policy, it had no obligation to pay the $80,697.68 award for conversion, the $9,307.87 in associated pre-judgment interest, or any amount of post-judgment interest.

32. Carolina's refusal to pay the full amount demanded was premised on certain exclusions in the Policy that it claimed precluded indemnity coverage in the *Chico Action*.

33. On December 6, 2021, Grange explained why the exclusions were inapplicable and reiterated its demand for full payment of the judgment amount and the accruing post-judgment interest.

34. On December 21, 2021, Carolina responded with a letter maintaining the same views expressed in its November 3, 2021 letter. Carolina offered to pay for attorney fees awarded as damages for the slander of title cause of action ($23,167.50) and costs ($1,945.49), but it refused to pay any amount of the damages or interest awarded in connection with the conversion cause of action.

## CAROLINA'S BREACH –
## FAILURE TO INDEMNIFY

35. Chico was insured by Carolina at all times relevant to the *Chico Action*.

36. As part of the coverage provided by the Policy, Carolina is obligated to

indemnify Chico for any **Claims** alleging **Wrongful Acts** that lead to a judgment for **Damages**.

37. Carolina has received multiple demands that it pay the judgment amount from the *Chico Action* on behalf of its insured.

38. Carolina has remained steadfast in its refusal to any amount of the damages or interest awarded in the *Chico Action* judgment for the conversion claim and its insistence that it is not even obligated to pay the attorney fees awarded as damages for the slander of title claim or the costs of suit awarded to the prevailing party under California statute.

## FIRST CAUSE OF ACTION
## Declaration of Duty to Indemnify

39. Plaintiff Grange incorporates here each and every allegation set forth in the above paragraphs of this Complaint as though fully alleged here.

40. Grange brings this action pursuant to its rights as a judgment creditor under Section 11580(b)(2) of the California Insurance Code.

41. A valid contract exists between Chico and Carolina, namely, the Policy.

42. Chico has fully performed all of the obligations and conditions to be performed by it under the Policy and has paid premiums owed under the Policy each month the Policy has been in force.

43. By issuing and delivering the Policy and taking payments from Chico, Carolina agreed to provide indemnity for any **Claims** alleging **Wrongful Acts** that lead to a judgment for **Damages**, as those terms are defined in the Policy.

44. A final judgment was entered against Chico in the *Chico Action* based on **Claims** against Carolina's insured, Chico, for **Wrongful Acts** resulting in a judgment for **Damages.**

45. The final judgment of the *Chico Action* against Carolina's insured requires Carolina to pay and satisfy the judgment under the Policy.

46. No exclusions excuse Carolina from indemnifying Chico for the *Chico*

*Action* judgment.

47. Carolina has refused to acknowledge that it has an obligation to pay the amount of the *Chico Action* judgment plus interest.

48. Carolina is obligated under the Policy to pay Grange the full amount of the *Chico Action* judgment, including damages, attorney fees, costs, and interest.

49. Carolina has an unfulfilled duty to indemnify Chico for the *Chico Action* judgment.

50. Carolina has not paid Grange any amount toward the judgment against its insured in the *Chico Action*.

51. An actual bona fide controversy exists between Grange, on the one hand, and Carolina, on the other, that requires a judicial declaration by this Court of the party's rights and duties regarding Carolina's duties under the Chico Policy, namely Carolina's duty to pay the judgment obtained by Grange against Chico in the Chico Action.

52. Grange has suffered, and absent action by this Court will continue to suffer, legally cognizable damages as a result of Carolina's improper and unjustified refusal to pay the judgment against Chico and in favor of Grange.

53. Grange is entitled to relief from Carolina.

## SECOND CAUSE OF ACTION
### Breach of Contract

54. Plaintiff Grange incorporates here each and every allegation set forth in the above paragraphs of this Complaint as though fully alleged here.

55. Grange brings this action pursuant to its rights as a judgment creditor under Section 11580(b)(2) of the California Insurance Code.

56. Valid contracts exist between Chico and Carolina, namely, the Policy.

57. Chico has fully performed all of the obligations and conditions to be performed by it under the Policy and has paid premiums owed under the Policy each month the Policy has been in force.

58. By issuing and delivering the Policy and taking payments from Chico, Carolina agreed to provide indemnity for any **Claims** alleging **Wrongful Acts** that lead to a judgment for **Damages**, as those terms are defined in the Policy.

59. The final judgment of the *Chico Action* satisfies all requirements of the previous paragraph.

60. No exclusions excuse Carolina from indemnifying Chico for the *Chico Action* judgment.

61. Carolina has refused to acknowledge that it has an obligation to indemnify Chico by paying the amount of the *Chico Action* judgment plus interest.

62. Carolina is obligated under the Policy to pay Grange the full amount of the *Chico Action* judgment, including damages, attorney fees, and costs, as well as interest.

63. Carolina has not paid Grange any amount toward the debt of its insured created by the *Chico Action* judgment.

64. Carolina has breached its duty to indemnify Chico for the *Chico Action* judgment.

65. As a result of that breach, Plaintiff has been damaged in the amount of coverage to which it is entitled under the Policy, and in an amount to be proved at trial, and for which Plaintiff seeks compensatory damages with interest thereon.

## THIRD CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing

66. Plaintiff Grange incorporates here each and every allegation set forth in the above paragraphs of this Complaint as though fully alleged here.

67. Grange brings this action pursuant to its rights as a judgment creditor under Section 11580(b)(2) of the California Insurance Code.

68. Carolina has refused to acknowledge its obligation to indemnify Chico by paying the amount of the *Chico Action* judgment plus interest.

69. An implied duty of good faith and fair dealing is implicit in every

contract, including insurance contracts.

70. This confers upon the insurer a duty not to withhold in bad faith payment of damages which the insured has become obligated by judgment to pay, and this duty runs not only in favor of the insured but also in favor of a judgment creditor such as Grange.

71. Carolina unreasonably failed to provide policy benefits, namely the indemnification of its insured following a judgment stemming from actions covered by the Policy.

72. Carolina has unreasonably refused without good cause to pay for any of the damages or interest that its insured was ordered to pay in the *Chico Action* judgment.

73. Carolina, despite repeated requests from Grange to pay the full judgment amount plus interest and providing copious information regarding its breach, has continued failing to make a full payment.

74. Carolina's actions have been unreasonable and a breach of its implied covenant of good faith and fair dealing with its insured, and has required Grange to incur fees in order to enforce the policy benefits applicable to the *Chico Action*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff California State Grange prays for judgment against Defendant Carolina Casualty Insurance Company as follows:

1. A judicial declaration that Carolina has a duty under its Policy issued to Chico to indemnify its insured, Chico, for the full amount of the *Chico Action* judgment;

2. A judicial determination that Carolina has breached its contract obligation to indemnify its insured, Chico, following the *Chico Action* judgment;

3. A judicial determination that Carolina has breached its contract obligation of good faith and fair dealing to its insured, Chico, following the *Chico Action* judgment

4. An award to Grange of damages against Carolina for its breach of the Policy contract;

5. A judicial determination that Carolina has breached its implied covenant of good faith and fair dealing;

6. An award to Grange of damages against Carolina for its breach of its covenant of good faith and fair dealing;

7. An award of Grange's reasonable attorneys' fees incurred in this lawsuit in accord with applicable California law;

8. An award of the costs of this suit; and

9. For such other and further relief as this Court may deem just and proper.

Dated: May 9, 2022    **GAUNTLETT & ASSOCIATES**

By: /s/ James A. Lowe
David A. Gauntlett
James A. Lowe

Attorneys for Plaintiff
California State Grange.

## DEMAND FOR JURY TRIAL

Grange demands a trial by jury on all issues subject to jury determination.

Dated: May 9, 2022    **GAUNTLETT & ASSOCIATES**

By: /s/ James A. Lowe
David A. Gauntlett
James A. Lowe
Attorneys for Plaintiff
California State Grange

286549_5.doc-5/9/2022 11:05 AM

# EXHIBITS TO COMPLAINT

**Exhibit "1"**     Carolina's November 3, 2021 Denial Letter

**Exhibit "2"**     *Chico Action* Complaint

**Exhibit "3"**     *Chico Action* March 8, 2021 Judgment

**Exhibit "4"**     *Chico Action* May 24, 2021 Final Judgment