UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA STATE GRANGE, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CAROLINA CASUALTY INSURANCE COMPANY, an Iowa corporation,<br><br>Defendant. | No. 2:22-cv-00777 WBS DB<br><br>MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO DISMISS |

----oo0oo----

This is an action brought by a judgment creditor to recover against the judgment debtor's insurer.  Defendant moves to dismiss plaintiff's complaint (Docket No. 1) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 6.)

I.   Factual and Procedural Background

This action arises from an underlying action in the Butte County California Superior Court captioned California State Grange v. Chico Community Guilds, Case No. 20-cv-00152 (Butte

1

1   Cnty. Superior Ct.) ("the Butte County action"). (Compl. ¶ 19.)
2   That action concerned a dispute over the ownership of real and
3   personal property claimed by Chico Community Guilds ("Chico
4   Guilds"). (Id. ¶ 20.) The complaint in that case contained
5   several causes of action including Cancellation of Deed and Quiet
6   Title, Slander of Title, and Conversion. (Id., Ex. 2, Butte
7   County Compl. ("Butte County Compl.") (Docket No. 1-2).)
8   Judgment was entered in favor of plaintiff in the underlying
9   action. (Id. ¶ 22.)

10   An amended judgment in the Butte County action was
11  entered on May 24, 2021 and plaintiff was awarded, in relevant
12  part, the following: (1) "Damages for conversion in the amount of
13  $80,697.68 plus interest accrued at the rate of (10) percent per
14  annum from and after January 12, 2020;" (2) "$1,945.49 in costs;"
15  (3) "$9,307.87 in prejudgment interests" on the conversion
16  damages; and (4) "$23,167.50 against [Chico Guilds] as damages"
17  "for slander of title, which represents the attorney's fees
18  awarded to plaintiff in connection with that cause of action."
19  (Id. ¶ 26; Id., Ex. 4, Am. J. ("Am. J.") ¶¶ 13-16 (Docket No. 1-
20  4).) On March 8, 2022, the California Court of Appeal dismissed
21  Chico Guild's appeal of the judgment. (Compl. ¶ 27.)

22   Defendant sold Management Liability Policy No. DCP
23  1776783-P1 ("the policy")[1] to the insured entity, Chico Community

---

[1] The policy is not attached as an exhibit to the complaint but is submitted as an exhibit to defendant's motion to dismiss. (Decl. of Carol Threlkeld, Ex. 1, Policy ("Policy") (Docket No. 6-4).) The policy is incorporated by reference into the complaint because "plaintiff refers extensively to" it and it "forms the basis of plaintiff's claim." See U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("[I]ncorporation by reference may

1  Guilds ("Chico Guilds").  (Id. ¶ 14.)  The policy defines a
2  "claim" in part as a "civil . . . proceeding for monetary or non-
3  monetary relief filed against an **Insured**[2] arising from a **Wrongful**
4  **Act** which is commenced by: (a) service of a complaint or similar
5  pleading . . . ."  (Policy at 28 (emphasis in original).)  The
6  policy states that it covers "**Damages** . . . arising from any
7  **Claim** first made against the **Insureds** during the **Policy Period**."
8  (Id.)  Damages are defined as: (1) "a monetary judgment, award or
9  settlement; or" (2) "pre-judgment interest and post-judgment
10 interest."  (Id. at 29.)  However, under the policy damages do
11 not include:

> "d.  disgorgement or restitution payment by or on
> behalf of any **Insured**, including disgorgement or
> restitution of amounts retained, obtained, or
> acquired by an **Insured** and any settlement payment
> arising from any actual or alleged amount that an
> **Insured** improperly retained, obtained or acquired
> . . . ."

(Id.)

Based on the judgment awarded in the Butte County
action, plaintiff brought this action alleging the following
claims: (1) declaratory relief that defendant has a duty under
the policy to indemnify Chico Guilds and pay the judgment; (2)
breach of contract for not fulfilling the judgment under the
policy; and (3) breach of the implied covenant of good faith and

---

apply, for example, when a plaintiff's claim about insurance
coverage is based on the contents of a coverage plan . . . .").

  [2]   Terms quoted from the policy which are in bold are
defined terms within the policy.

3

fair dealing.  (See Compl.)³  The court analyzes the claims below.

## II. Claim One: Declaration of Duty to Indemnify

### A. Conversion and Associated Interest

Defendant argues that it does not have a duty to indemnify Chico Guilds for the "damages for conversion" and pre-judgment interest on the conversion damages because the policy does not cover restitution.  The court agrees.

Plaintiff's conversion claim in the Butte County action alleged that Chico Guilds failed to return personal property, including "one or more bank accounts and the funds held therein" to which plaintiff was entitled.  (See Butte County Compl. ¶ 105-10.)  The judgment in the Butte County action stated that plaintiff was the rightful owner of the funds in two bank accounts and Chico Guilds was directed to immediately return the funds.  (Am. J. ¶¶ 3, 6.)  The parties agree that $80,697.68 was the exact sum of the funds in the two accounts.  (See Def.'s Reply at 4-5 (Docket No. 13).)

For the conversion claim, plaintiff specifically sought judgment: (1) "for the value of the property converted;" (2) "for interest at the legal rate on the foregoing sum;" and (3) "for punitive damages."  (Butte County Compl. p. 20, ¶¶ 11-13.)  Plaintiff now argues that the "[d]amages for conversion in the amount of $80,697.68" are separate and apart from the "value of the property."  (Pl.'s Opp'n at 7 (Docket No. 10).)  However,

---

³ Plaintiff requests that the court take judicial notice (Docket No. 10-1) of two demand letters sent by plaintiff and defendant's responses.  The court does not rely on these documents, and therefore the request is denied as moot.

4

plaintiff never sought damages in excess of the property that Chico Guilds converted, except for punitive damages which were not awarded.  (See Am. J.)

California Civil Code section 3336 provides that there are two methods to calculate the detriment caused by the wrongful conversion of personal property: (1) "the value of the property at the time of conversion, with the interest from that time, or [(2)] an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act."  Section 3336 also allows plaintiffs to be "fairly compensated for the time and money properly expended in pursuit of the property."  Cal. Civ. Code § 3336.

Here, the amount of money in the accounts was easily determinable, and the state court did not make any determination relevant to the "amount sufficient to indemnify" plaintiff for the loss.  Plaintiff also did not seek, nor did the state court include in its judgment, compensation for the time and money expended to recover the property.  (See Butte County Compl.; Am. J.)

As noted by the California Supreme Court, "it is well established that one may not insure against the risk of being ordered to return money or property that has been wrongfully acquired.  Such orders do not award 'damages' as that term is used in insurance policies."  Bank of the W. v. Superior Ct., 2 Cal. 4th 1254, 1266 (1992).  Moreover, under plaintiff's theory, if plaintiff were to be restored ownership of the funds in the two accounts and recover an additional sum in the same amount from defendant, it would constitute double recovery rendering a

profit for plaintiff.

"The fundamental distinction" between restitution and damages is not "the label," "but whether the claim seeks to recover only money or property that the insured wrongfully acquired." Unified W. Grocers, Inc. v. Twin City Fire Ins. Co., 457 F.3d 1106, 1115 (9th Cir. 2006). Here, the complaint does not allege that the judgment for "damages for conversion in the amount of $80,697.68," plus interest accrued is anything other than money or property the insured wrongfully acquired –- a restitution payment. See id.; (Am. J. ¶ 13.) The Butte County judgment did not award "damages" for the conversion claim, or for any claim, including slander of title.

Because the $80,697.98 for the conversion claim is not covered by the policy, plaintiff also cannot recover the $9,307.87 in prejudgment interest for that claim. See Mirpad, LLC v. Cal. Ins. Guarantee Ass'n., 132 Cal. App. 4th 1058, 1066 n.12 (2d Dist. 2005) ("In light of our conclusion that there was no coverage for the claims asserted in the underlying actions, we have no need to reach or discuss the . . . plaintiff's entitlement to prejudgment interest."); see also State Farm Gen. Ins. Co. v. Mintarsih, 175 Cal. App. 4th 274, 289 (2d Dist. 2009) (finding no obligation to pay post-judgment interest when there was no coverage for the damages).

B.  Attorney's Fees for Slander of Title

The judgment in the Butte County action also awarded $23,167.50 in attorney's fees for plaintiff's slander of title action based upon Chico Guilds improperly transferring a deed to its name. (Butte County Compl. ¶¶ 104-10.) For this claim,

6

plaintiff sought: (1) "general damages in an amount according to proof;" (2) "punitive damages;" and (3) "attorney's fees incurred in removing the cloud on" the title. (Id. p. 22, ¶¶ 8-10.)  The judgment specifically did not award plaintiff general or punitive damages for the slander of title claim, but only awarded attorney's fees and voided the illegitimate deed. (See Compl. ¶ 26; Am. J. ¶ 9.)

The policy states that it covers damages for any 'wrongful act' which is defined to include 'personal injury', which includes the "unauthorized use of title." (Policy at 28-29.) Slander of title is not the unauthorized use of title, rather "[s]lander of title occurs when there is an unprivileged publication of a false statement which disparages title to property and causes pecuniary loss." Stamas v. Cnty. of Madera, 795 F. Supp. 2d 1047, 1067 (E.D. Cal. 2001) (citing Stalberg v. W. Title Ins. Co., 27 Cal. App. 4th 925, 929 (6th Dist. 1994)). "The tort of slander of title is meant to protect against frivolous title disputes that interfere with the salability of property." Westfield Ins. Co. v. TWT, Inc, 723 F. Supp. 492, 496 (N.D. Cal. 1989). Accordingly, plaintiff has not alleged facts to establish that Chico Guilds was covered for a slander of title claim.

The parties agree that attorney's fees are covered by the policy to the extent the claim against the insureds is covered. (Policy at 29.) However, because the policy does not cover slander of title claims, it also does not cover attorney's fees on those claims.

For the foregoing reasons, defendant's motion to

7

dismiss plaintiff's first claim for declaratory relief will be granted.

III. Claim Two: Breach of Contract

Plaintiff's second claim for breach of contract is premised on defendant's alleged duty to indemnify the judgment from the Butte County action.  Because there is no duty to indemnify, as discussed above in section II, Claim Two of the complaint does not sufficiently allege a breach of contract claim and it will be dismissed.

IV. Claim Three: Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff's third claim for breach of the implied covenant of good faith and fair dealing is also based on defendant's alleged failure to indemnify Chico Guilds for the judgment from the Butte County action.  As discussed, defendant does not have a duty to indemnify, and therefore did not breach the implied covenant. See Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 36 (1995) ("It is clear that if there is no potential for coverage . . . there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer.").  Plaintiff's third claim will be dismissed.

V. Leave to Amend

"Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." Cal. Architectural Bldg. Prods. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th

Cir. 1987).  While leave to amend must be freely given, the court is not required to allow futile amendments.  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

Plaintiff does not propose, nor is the court aware of, any factual allegations that could remedy the complaint.  The court will not grant plaintiff leave to amend because the complaint "could not possibly be cured by the allegation of other facts," and therefore, amendment would be futile.  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Docket No. 6) be, and the same hereby is, GRANTED without leave to amend.[4]

The Clerk is instructed to close this case.

Dated:  July 12, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] Because this case is dismissed, plaintiff's motion for summary judgment (Docket No. 8) is MOOT.

9